THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICTOR LEBRON-CEPEDA,**<br><br>    Petitioner,<br><br>    v.<br><br>**UNITED STATES OF AMERICA,**<br><br>    Respondent. | **Civil No. 21-1118 (ADC)**<br>**[Related to Crim. No. 96-105-05 (ADC)]** |

### MEMORANDUM AND ORDER

Pending before the Court is petitioner Víctor Lebrón-Cepeda's ("petitioner") *pro se* motion for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. **ECF No. 1**. The United States of America ("government") filed a response in opposition. **ECF No. 6**.

As way of background, petitioner was sentenced on March 29, 2001 to life imprisonment without the possibility of parole for his role in the carjacking and resulting death of a Puerto Rico police cadet in 1996. Briefly, petitioner and three other accomplices carjacked the victim and his romantic partner, holding them at gunpoint in the back seat of the car while they drove away. Petitioner held a loaded firearm to the victim's head as they drove. When one of petitioner's accomplices realized and told the others that the victim was a police cadet, petitioner immediately shot the victim in the head. The accomplice who identified the victim as a police

cadet then shot him seven more times. All of this occurred in the presence of the victim's partner, who ultimately survived the ordeal. Petitioner was over 18 years old at the time of the events.[1]

Petitioner's motion requests that the Court issue a writ of *audita querela* and extend the holding in *Miller v. Alabama*, 567 U.S. 460 (2012)—that mandatory life imprisonment without parole for persons **under** 18 years of age violates the Eighth Amendment of the United States Constitution—to persons who **are** 18-years old at the time the crime was committed. In doing so, petitioner seeks to "correct an error of [his] sentence that is not harmless…". **ECF No. 1** at 1.

Unfortunately for petitioner, and as the government points out in its opposition, a request for a writ of *audita querela* is not a proper vehicle for post-conviction relief when it would circumvent the boundaries of the federal habeas statute, 28 U.S.C. § 2255. *See Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) ("[W]hen a statute—like section 2255—specifically addresses a particular class of claims or issues, it is that statute, not the All Writs Act, that takes precedence.") (citing *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). The Court will therefore construe petitioner's motion as one seeking relief from his sentence of life imprisonment under 28 U.S.C. § 2255. *See id.* ("[C]ourts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions."); *see also United States v. Rivera-Lebrón*, 410 F. App'x 352, 353-55 (1st Cir. 2011) (per curiam) ("Where a prisoner has filed

---

[1] These facts are gleaned from the summary provided by the First Circuit in *United States v. Lebrón-Cepeda*, 324 F.3d 52, 54-56 (1st Cir. 2003), as well as the transcript of petitioner's sentencing hearing, *United States v. Caraballo-González, et al.*, Crim No. 96-105 (D.P.R. March 29, 2001) at ECF No. 622.

a motion for relief under one of the common law writs, the court must examine the substance of the motion to determine whether the claim is one that would be cognizable under section 2255.")

Construing petitioner's motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, it clearly must fail for failing to comply with the statute's requirements. First, the government correctly points out that this is petitioner's fourth attempt to collaterally attack his sentence. **ECF No. 6** at 4, 8. Thus, the motion is a second or successive habeas petition, which requires prior authorization from the First Circuit Court of Appeals before being filed. *See* 28 U.S.C. §§ 2244(b)(3)(A); 2255(h) (requiring prior authorization of the appropriate court of appeals before a district court can entertain a second or successive habeas petition under § 2255). This reason alone is fatal, and the Court is well within its provenance to summarily dismiss the motion. *See Bucci v. United States*, 809 F.3d 23, 26 (1st Cir. 2015) ("When faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals.").[2]

Second, adding to this shortcoming is the fact that in 2016, the First Circuit already denied petitioner authorization to raise his *Miller v. Alabama* claim due to it being, at that time, a second or successive habeas petition and because petitioner failed to show that the claim was based on a new rule of constitutional law applicable to his case. *See* Judgment, *Lebrón-Cepeda v. United States*, No. 16-1906 (1st Cir. Aug. 8, 2016) (copy of which can be found at *United States v. Caraballo-González, et al.*, Crim No. 96-105 (D.P.R. Aug. 9, 2016) at ECF No. 800). The Court has not found

---

[2] The Court also notes that the petition would most likely be time-barred. *See* 28 U.S.C. § 2255(f).

any binding authority since then that extends *Miller v. Alabama* to persons over 18 years of age on collateral review. *See, e.g.*, *United States v. Frank*, 832 Fed. App'x 764 (2d Cir. 2021); *Cruz v. United States*, 826 Fed. App'x 49 (2d Cir. 2020) (denying similar relief for similar reasons). Therefore, the Court sees no justification to contradict the First Circuit's 2016 conclusion as to the viability of petitioner's claim. For that same reason, transferring his petition to the First Circuit would almost certainly be futile.

Therefore, for the reasons explained above, the Court **DENIES** petitioner's motion at **ECF No. 1.** Moreover, because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Rule 11(a) of the Rules Governing § 2255 Proceedings. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of January, 2024.

                                                           **S/AIDA M. DELGADO-COLÓN**
                                                           **United States District Judge**